**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADIMILSON M. DASILVA (A No. 243-162-882),<br><br>                         Petitioner,<br><br>v.<br><br>RIOS, et al.,<br><br>                         Respondents. | Case No. 1:26-cv-03703-JLT-SAB<br><br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Doc. 1) |

Adimilson M. Dasilva is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the Petition.

## I.        FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen of Brazil who entered the United States at an unknown place and time.[1] (Doc. 1-1 at 2.) Petitioner was not encountered or processed by federal immigration officials at that time.[2] (*Id.*; Doc. 1 at 2.) On August 4, 2025, Petitioner was arrested and charged

---

[1]  Petitioner told ICE officials that he entered the United States approximately 26 years ago by walking across the United States and Mexico border. (Doc. 8 at 8.)

[2]  Petitioner clearly states that he "entered the United States without inspection years before his

with battery and was ultimately convicted of simple battery with one year probation. (Doc. 8 at 8, 14–15.) When Petitioner appeared at his local probation office on February 6, 2026, he was interviewed by ICE officers. (*Id*. at 8.) After Petitioner admitted he was illegally present in the United States, he was arrested and eventually transferred to California City Detention Facility where he remains. (*Id*.; Doc. 1 at 1.) The same day of his arrest, the Department of Homeland Security issued a Notice to Appear charging Petitioner as removable under INA § 212(a)(6)(A)(i). (Doc. 1-1 at 2.) Petitioner is not yet subject to a final order of removal. (*See id*.) On May 13, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights have been violated. (Doc. 1 at 5.) On May 27, 2026, Respondents filed a response, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth in 8 U.S.C. § 1225(b)(2). (Doc. 8 at 1–3.)

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.    DISCUSSION

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment. (Doc. 1 at 5.) To the extent Respondents substantively address Petitioner's due process argument, they assert that Petitioner is an "applicant for admission" subject to mandatory

---

apprehension and was not encountered at a port of entry or during the inspection process." (Doc. 1 at 2.) Both the I-213 and the Notice to Appear also indicate that Petitioner was unencountered at the time of entry. (*See* Doc. 1-1 at 2; Doc. 8 at 8.) The I-213 further indicates that Petitioner has no applications or petitions for relief with the immigration court. (Doc. 8 at 8.) Additionally, Petitioner was only recently placed in removal proceedings on the date of his arrest, February 6, 2026. (*See id*.; Doc. 1-1 at 2.) Thus, the Court finds that Petitioner was unencountered upon entry into the United States.

detention under 8 U.S.C. § 1225(b)(2) of the INA and therefore categorically ineligible for a bond hearing. (Doc. 8 at 1.) This Court has previously addressed similar due process arguments made by individuals who entered the United States without permission long ago and have resided here for many years without interacting with the immigration system and found that such individuals are not subject to mandatory detention under § 1225(b)(2). *See R.P.V. v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026).

Furthermore, courts nationwide, including this one, have rejected Respondents' legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim. Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. Seeing as no Immigration Judge or other immigration official has ever considered whether he may be released—because he was not encountered at the time he entered the country—a bond hearing is the appropriate remedy.

## IV.    CONCLUSION AND ORDER

1.    The petition for writ of habeas corpus (Doc. 1) is **GRANTED.**

2.    Respondents are **ORDERED** to provide Petitioners with a bond hearing in accordance with 8 U.S.C. § 1226(a) within **14 days** of the date of this Order, in which the parties

will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained. If Respondents do not provide Petitioner with a timely bond hearing under 8 U.S.C. § 1226(a), in accordance with this order, Petitioner must be immediately released from detention.

3.     At least 72 hours before the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4.     The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:   **May 28, 2026**

UNITED STATES DISTRICT JUDGE